[No. B110279. Second Dist., Div. Six. Oct. 29, 1997.]

BOARD OF RETIREMENT OF THE SANTA BARBARA COUNTY EMPLOYEES' RETIREMENT SYSTEM, Plaintiff and Appellant, v. SANTA BARBARA COUNTY GRAND JURY, Defendant and Respondent.

1186

## COUNSEL

Rogers, Sheffield & Herman, James E. Herman and Alan A. Blakeboro for Plaintiff and Appellant.

David L. Muir and Margaret L. Oldendorf as Amici Curiae on behalf of Plaintiff and Appellant.

Hatch & Parent, Stanley M. Roden and Craig A. Smith for Defendant and Respondent.

## OPINION

**STONE (S. J.), P. J.**—May the county grand jury investigate complaints of delays by the county board of retirement in processing disability retirement applications of county employees pursuant to the County Employees Retirement Law of 1937? (Gov. Code, § 31450 et seq.) Yes, it may.

Respondent, the Santa Barbara County Grand Jury (grand jury), received complaints from present and former employees of the County of Santa Barbara about delays by appellant, the Board of Retirement for the Santa Barbara County Employees' Retirement System (Board), in processing applications for disability retirements. The grand jury initiated an investigation of the purported delays. The Board filed a complaint for declaratory and injunctive relief, asserting that the grand jury is without jurisdiction to investigate the matter.

The trial court denied the complaint and entered judgment in favor of the grand jury. We issued a stay to halt further investigation pending this appeal. We conclude that the grand jury has jurisdiction to proceed with the instant investigation. Accordingly, we affirm the judgment and dissolve the stay.

### FACTS

After receiving complaints from present and former county employees concerning delays in processing applications for disability retirements, the

grand jury began an investigation and issued a subpoena to David Hersman, a member of the Board.[1]

The Board filed the instant complaint for declaratory and injunctive relief, asserting that the grand jury is without jurisdiction to investigate its processing of applications for disability retirements. Upon request of the Board, the trial court issued a stay to permit the Board to consider its response to the subpoena. The court ordered Hersman to appear before the grand jury, explaining that, if he declined to answer questions posed by the grand jury, the court would adjudicate the jurisdictional issues raised by the complaint.

Hersman appeared before the grand jury, refused to answer its questions, and the trial court determined that the grand jury has jurisdiction to proceed. The trial court denied the relief requested by the complaint, and we issued a stay pending consideration of this appeal.

## DISCUSSION

The Board argues that the grand jury has no jurisdiction to investigate the matter because: (1) it is an independent entity which does not perform any functions for the county within the meaning of Penal Code section 925; (2) the plenary authority provided to it by article XVI, section 17 of the California Constitution precludes the investigation; and (3) the Board is a quasi-judicial body not subject to such investigation.

We independently construe statutes as a matter of law to effectuate their purpose and intent, reading statutory schemes as a whole and harmonizing their provisions. (*California School Employees Assn.* v. *Governing Board* (1994) 8 Cal.4th 333, 338 [33 Cal.Rptr.2d 109, 878 P.2d 1321]; *City of San Jose* v. *Superior Court* (1993) 5 Cal.4th 47, 54 [19 Cal.Rptr.2d 73, 850 P.2d 621]; *Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268 [284 Cal.Rptr. 718, 814 P.2d 704].) We ascribe ordinary, commonsense meaning to the words of statutes. (*California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal.Rptr. 676, 598 P.2d 836].) We avoid interpretations and constructions which defy common sense or which might lead to mischief or absurdity, including literal meanings which would lead to a result not intended by the Legislature. (*Ibid.; People* v. *King* (1993) 5 Cal.4th 59, 69 [19 Cal.Rptr.2d 233, 851 P.2d 27]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

---

[1] The grand jury also sent letters to others requesting that they voluntarily appear.

*Penal Code Section 925*

■ The charge of the grand jury is "to act as the public's 'watchdog' by investigating and reporting upon the affairs of local government . . . ." (*McClatchy Newspapers* v. *Superior Court* (1988) 44 Cal.3d 1162, 1170 [245 Cal.Rptr. 774, 751 P.2d 1329].)

■ Penal Code section 925 provides, in pertinent part, that "The grand jury shall investigate . . . the operations, accounts, and records of the officers, departments, or functions of the county including those . . . of any special legislative district or other district in the county . . . . The investigations may be conducted on some selective basis each year . . . ."

The grand jury concedes that the Board is neither an officer or department of the county, nor a special legislative or other district. The grand jury acknowledges that the Board is distinct from the county for res judicata purposes. (See *Traub* v. *Board of Retirement* (1983) 34 Cal.3d 793, 798-799 [195 Cal.Rptr. 681, 670 P.2d 335].) The grand jury argues it is authorized by Penal Code section 925 to investigate whether the Board processes county disability retirement applications too slowly because the Board's fiduciary function is to run the retirement system for the county, its workers and retirees.

Before 1977, Penal Code section 925 limited the grand jury to investigation of "the accounts and records . . . of . . . the officers of the county . . . ." The expansive language of the amended statute establishes that the Legislature has granted the grand jury extensive, although not unlimited, authority to prepare reports regarding the administration of local government. (*People* v. *Superior Court* (*1973 Grand Jury*) (1975) 13 Cal.3d 430, 433 [119 Cal.Rptr. 193, 531 P.2d 761].) Of the several functions performed by grand juries in California, investigating and reporting upon the affairs of local government "is by far the one most often played . . . ." (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1170.)

Penal Code section 925 permits investigation of the operations and functions of the county, "*including* those . . . of any special legislative district or other district." (Italics added.) Such districts are often independent of the county. If the Legislature desired to limit the grand jury to investigating operations literally run by the county, the Legislature would not have amended the statutory scheme to permit investigation of the operations of districts performing limited purpose functions as well as those for the county. Penal Code section 925 et seq. evinces the Legislature's intent to permit the grand jury to investigate the functions and operations of almost

any local government entity. (Pen. Code, §§ 925a [cities and joint powers agencies], 933.1 [redevelopment and housing agencies], 933.5 [assessment, taxing districts and local agency formation commissions], 933.6 [other nonprofit corporations established by or operated on behalf of a public entity].)

In the County of Santa Barbara, one may apply for disability retirement "only if he or she is a member of the county employees' retirement association [citations], . . ." (*Hittle* v. *Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 380 [216 Cal.Rptr. 733, 703 P.2d 73].) Membership is limited to county employees, county retirees and employees of local member districts. If the county chooses to participate in the 1937 Retirement Act system, the Board must be funded by the county, its employee-members and the participating local districts. (Gov. Code, §§ 31453-31454.6, 31500, 31580-31599, 31621.4, 31639.25-31639.26, 31640-31641.) The Board's staff are county employees, although management of the system is vested in the Board. (Gov. Code, §§ 31520, 31522.1.) The Board does function for the county and local districts using taxpayer funds. (Gov. Code, § 31451.)

Members of the Board have fiduciary responsibilities towards its members regarding their vested contractual rights to their pensions. (*Hittle* v. *Santa Barbara County Employees Retirement Assn., supra,* 39 Cal.3d at pp. 392-393; Cal. Const., art. XVI, § 17.) As such, "[C]ourts must be vigilant in protecting the rights of the pensioner against powerful and distant administrators . . . ." (*Hittle, supra,* at p. 393.) The grand jury is an arm of the courts with the authority and the duty to investigate the operations and functions of counties, cities, districts and other local government agencies. (*People* v. *Superior Court* (*1973 Grand Jury*), *supra,* 13 Cal.3d at p. 438.) Because the Board operates to run the pension system for county workers, retirees and local district members using substantial county funds, it performs functions for the county. Indeed, counsel for the Board admitted before the trial court that the county has duties and functions regarding the Board.

The Board argues that *McClatchy* precludes grand jury review here. Its reliance on *McClatchy* is misplaced. In *McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at pages 1173, 1178, our Supreme Court ruled that to preserve the secrecy required by the statutory scheme and centuries of common law, a grand jury generally may not release raw evidentiary materials collected during an investigation.

In so ruling, *McClatchy* cautioned that " ' "Although [the grand jury's] powers are broad, they are carefully defined and limited by statute, and the

grand jury has no inherent investigatory powers beyond those granted by the Legislature." ' " (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at pp. 1172, 1179, quoting *People* v. *Superior Court* (*1973 Grand Jury*), *supra,* 13 Cal.3d at p. 437.) For this reason, courts possess a limited authority to refuse to file proposed grand jury reports which exceed the grand jury's authority. (*1973 Grand Jury, supra,* at pp. 441-442.) Courts may prevent the official filing of reports regarding matters which the grand jury itself has not investigated or "a report concerning activities of a distant municipality not lying within the grand jury's province." (*Id.,* at pp. 434, 437-438.) Courts may preclude release of raw evidentiary materials collected during an investigation. The instant case does not concern the issue presented in *McClatchy.*

Here, the grand jury serves its respected watchdog role by investigating whether the Board timely performs one of its essential functions, processing applications for disability retirements for county and local district employees. (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1170; and see *People* v. *Superior Court* (*1973 Grand Jury*), *supra,* 13 Cal.3d at p. 436.)

### *Proposition 162*

■ In 1992, the electorate in California enacted Proposition 162 amending article XVI, section 17 of the California Constitution to read, in pertinent part, "Notwithstanding any other provisions of law or this Constitution to the contrary, the retirement board of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system, subject to . . . the following: [¶] . . . The retirement board shall . . . have sole and exclusive responsibility to administer the system in a manner that will assure prompt delivery of benefits and related services to the participants and their beneficiaries."

The Board asserts that its plenary authority over administration of its retirement system precludes the grand jury from having jurisdiction to investigate whether it promptly considers disability applications. The Court of Appeal rejected a similar argument presented by the Imperial County Board of Retirement in *Singh* v. *Board of Retirement* (1996) 41 Cal.App.4th 1180 [49 Cal.Rptr.2d 220].

In *Singh,* a county worker applied for disability retirement after he became injured during an automobile accident while traveling to work. The board denied his application, finding that his disability was not service connected because the accident did not occur during the course of his employment.

Singh petitioned the trial court for a writ of mandate. The board opposed the petition primarily on the ground that the court had no jurisdiction to review the matter; Proposition 162 gave the board plenary power to adjudicate it. (*Singh* v. *Board of Retirement, supra*, 41 Cal.App.4th at p. 1184.) The trial court granted the petition, finding that the accident arose in the course of employment because Singh was required to use his vehicle for work. The board appealed.

The board reiterated its position that Proposition 162 requires courts to defer to the board's resolution of the matter. It insisted that because Black's Law Dictionary (6th ed. 1990) page 1154, column 1, among others, defines the word "plenary" to mean "full, entire, complete, absolute, perfect, unqualified," Proposition 162 repealed by implication judicial review of the board's decision for abuse of discretion under Code of Civil Procedure section 1094.5, subdivision (c). The Court of Appeal rejected the argument.

Plenary power does not mean unreviewable power. (*Singh* v. *Board of Retirement, supra*, 41 Cal.App.4th at pp. 1190, fn. 9, 1191.) The voters enacted Proposition 162 to preclude the legislative and executive branches from "raiding" pension funds to balance the state budget, as occurred under Assembly Bill No. 702. (41 Cal.App.4th at pp. 1191-1192.) Proposition 162 removed the Legislature's authority to meddle in the Board's investment decisions and it established that the Board's primary obligation was to its members and beneficiaries. (*Id.*, at p. 1191.) Proposition 162 did not insulate pension boards from judicial oversight.

As the *Singh* court pointed out, "even the rebuttal . . . argument in favor of Proposition 162 asserted only that the proposition 'takes away nearly all authority of the executive and legislative branches to oversee pension board decisions.' [Citation.] Nowhere is any limitation on judicial review of erroneous decisions implicated." (*Singh* v. *Board of Retirement, supra*, 41 Cal.App.4th at p. 1191, fn. 10.) Proposition 162 was not intended to abrogate established rules of judicial review. (*Id.*, at p. 1191.) No alteration in the scope of judicial review of retirement boards was ever intended by Proposition 162. (*Ibid.*)

The grand jury is an arm of the judiciary charged with the duty to investigate and report on problems and irregularities in the functioning of local government entities. (*People* v. *Superior Court (1973 Grand Jury), supra*, 13 Cal.3d at p. 438.) Proposition 162 does not preclude the grand jury from investigating and reporting on whether the Board is properly carrying out its fiduciary responsibilities to process disability applications promptly.

### Board's Quasi-judicial Function

█ The Board argues that because its members act as quasi-judicial officers in adjudicating retirement applications and by setting forth procedures similar to court rules for consideration of disability applications, the grand jury may not question them. It argues that inquiry into the instant matter would be akin to subpoenaing sitting judges regarding court rules, the administration of the justice system and how judges deliberate and decide cases. The Board opines that the instant investigation improperly seeks to discover the mental processes of Board members.[2]

As the Board acknowledges, its fiscal functions are subject to audit and reports to the State Controller. (Gov. Code, § 7504.) It concedes that all its adjudicative decisions are subject to judicial review and enforcement. (*Singh* v. *Board of Retirement, supra,* 41 Cal.App.4th at pp. 1192-1193.) And, it states that a grand jury's investigation of local government is particularly helpful because the everyday activities of government are not subject to checks and balances and are not subject to judicial review.

But, without citation to authority, it asserts that judicial review of its fiscal functions and its adjudicative decisions is sufficient oversight. The Board opines that whether it delivers services promptly to its participants is beyond the purview of the grand jury. We disagree.

The grand jury performs its functions as the only judicial entity " ' "free from possible political or official bias that has an opportunity to see . . . the operation of government . . . on any broad basis." ' " (*McClatchy Newspapers* v. *Superior Court, supra,* 44 Cal.3d at p. 1171; *People* v. *Superior Court (1973 Grand Jury), supra,* 13 Cal.3d at p. 437.)

Although it has no penal or enforcement powers, the grand jury may provide information about possible dilatory processing of applications by local government agencies. Processing disability retirement applications in a timely fashion is a fiduciary duty and function which the Board is required to maintain for its members who have vested contractual rights to their pensions as county and district employees. (*Hittle* v. *Santa Barbara County Employees Retirement Assn., supra,* 39 Cal.3d at pp. 392-393; Cal. Const., art. XVI, § 17.) Courts must vigilantly protect the rights of pensioners against powerful retirement boards. (*Hittle, supra,* at p. 393.) The grand jury is the arm of the judiciary vested with the authority to investigate and report on such matters within its venue.

---

[2]Contrary to the assertion of the Board, the functioning of state courts is subject to review by the Judicial Council. (Cal. Const., art. VI, §§ 3, 6.)

We reject the Board's position that because it is not literally the county or a district, the grand jury may not investigate the matter at issue here. This would be an absurd reading of the statutory scheme at issue. It defies common sense and could lead to mischief by rendering unreviewable claims of dilatory processing of retirement applications. The Board, as the local government agency functioning for the county and districts in processing disability applications for present and former county employees and other local districts, is not insulated from investigation by the grand jury concerning timely processing of such applications. The grand jury may subpoena Board members and others as part of its investigation and prepare a report on the instant matter. (Pen. Code, §§ 925, 933, 939.2.)

The judgment is affirmed and the stay is dissolved. Costs are awarded to respondent.

Yegan, J., and Coffee, J., concurred.