132 Cal.Rptr.2d 144 (2003)
107 Cal.App.4th 488
The PEOPLE, Plaintiff and Appellant,
v.
SUPERIOR COURT of Tulare County, Defendant and Respondent.
No. F040745.
Court of Appeal, Fifth District.
March 26, 2003.
*146 Phillip J. Cline, Tulare County District Attorney, Don H. Gallian, Assistant District Attorney, Carolyn B. Turner, Assistant District Attorney, and Barbara J. Greaver, Deputy District Attorney, for Plaintiff and Appellant.
Kathleen Bales-Lange, County Counsel, and John A. Rozum and Bryan C. Walters, Deputy County Counsel, for Defendant and Respondent.

*145 OPINION

DIBIASO, Acting P.J.
A county grand jury sought access to certain juvenile court records under Welfare and Institutions Code section 827,[1] subdivision (a)(1)(M). The trial court denied the petition; we affirm. We hold that the grand jury failed to demonstrate the records were necessary or relevant to any specific grand jury investigation.
Appellant Tulare County Grand Jury filed a petition in the Tulare County Superior Court under section 827, subdivision (a)(l)(M) (subpart (M)), for an order permitting appellant to inspect all the records of the juvenile court pertaining to In Re Isaiah C. (Super. Ct. Tulare County, No. J51704), a dependency proceeding. Appellant did not support its petition with any particular facts showing "good cause" for the records except to state that the records were required in connection with an ongoing "public watchdog" investigation being conducted by appellant under Penal Code section 925. (See McClatchy Newspapers v. Superior Court (1988) 44 Cal.3d 1162, 1170, 245 Cal.Rptr. 774, 751 P.2d 1329.) The juvenile court denied the petition after appellant refused to provide the court with any further information about the nature or extent of its investigation or the relationship and relevance of the records to the investigation; appellant took the position that divulging such information would constitute a violation of the rule of grand jury secrecy. (See, e.g. Daily Journal Corp. v. Superior Court (1999) 20 Cal.4th 1117, 1124-1126, 1128-1129, 86 Cal.Rptr.2d 623, 979 P.2d 982 (Daily Journal) [there is a "`strong historic policy of preserving grand jury secrecy'"]; McClatchy Newspapers v. Superior Court, supra, at p. 1174-1175, 1180, 245 Cal.Rptr. 774, 751 P.2d 1329["[G]rand jury secrecy is the rule and openness the exception, permitted only when specifically authorized by statute"]; People v. Superior Court (2000) 78 Cal.App.4th 403, 415-116, 92 Cal. Rptr.2d 829 [grand jury process must be kept confidential].)[2]

*147 DISCUSSION

I.
Section 827 and California Rules of Court,[3] rule 1423, which control the dissemination of confidential juvenile records, reflect a determination by the Legislature that the juvenile court has both the "`sensitivity and expertise' to make decisions about access to juvenile records." (Pack v. Kings County Human Services Agency (2001) 89 Cal.App.4th 821, 827, 107 Cal.Rptr.2d 594; In re Keisha T. (1995) 38 Cal.App.4th 220, 229, 44 Cal.Rptr.2d 822.) Section 827 permits only certain identified categories of individuals to inspect juvenile records without prior leave of the juvenile court. (See § 827, subd. (a)(l)(A)-(L) (subparts (A)-(L)).) Any "other person" not included in one of the categories of subparts (A)-(L) who wants to see juvenile records must secure the permission of the juvenile court. (Subpart (M).) Subpart (M) gives the juvenile court the exclusive authority to determine when juvenile records will be released to an "other person." (T.N.G. v. Superior Court (1971) 4 Cal.3d 767, 778, 94 Cal.Rptr. 813, 484 P.2d 981; In re Tiffany G. (1994) 29 Cal.App.4th 443, 451, 35, Cal.Rptr.2d 8; In re Michael B. (1992) 8 Cal.App.4th 1698, 1706, 11 Cal. Rptr.2d 290.)
Because it is not among the chosen of subparts (A)-(L), a grand jury has no self-executing right to inspect juvenile records and thus must petition the court as any "other person" under subpart (M).[4](In re Keisha T, supra, 38 Cal.App.4th at p. 232, 44 Cal.Rptr.2d 822.) Rule 1423, subdivision (c), requires that a subpart (M) applicant:
"petition the court for authorization using Judicial Council form JV-570, Petition for Disclosure of Juvenile Court Records. The specific records sought shall be identified based on knowledge, information, and belief that such records exist and are relevant to the purpose for which they are being sought. Petitioner shall describe in detail the reasons the records are being sought and their relevancy to the proceeding or purpose for which petitioner wishes to inspect or obtain the records." (Rule 1423, subd.(c).)
When such a petition is presented, the juvenile court's duty is to "balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public." (Rule 1423, subd.(b).) To do so, the court "must take into account any restrictions on disclosure found in other statutes, the general policies in favor of confidentiality and the nature of any privileges asserted, and compare these factors *148 to the justification offered by the applicant" in order to determine what information, if any, should be released to the petitioner. (Pack v. Kings County Human Services Agency, supra, 89 Cal. App.4th at p. 829, 107 Cal.Rptr.2d 594.) The court may permit access "only insofar as is necessary, and only if there is a reasonable likelihood that the records ... will disclose information or evidence of substantial relevance to the pending ... investigation." (Rule 1423, subd. (b).) The process "may be lengthy, and the balance of the concerns weigh predominately against access." (Pack v. Kings County Human Services Agency, supra, 89 Cal.App.4th at p. 829, 107 Cal.Rptr.2d 594.)
Here, appellant made no showing, under the provisions of rule 1423, subdivision (c) or otherwise, to warrant the release of any of the desired records or information. Appellant simply made a general request to the court for "[a]ll documents within [the dependency] case file ... and information contained therein," and appellant's only justification was the statement "Grand Jury investigation pursuant to Penal Code 925." Because appellant did not provide the court with any specific facts concerning appellant's need for the records or their relevance to any legitimate grand jury activity, the juvenile court had no basis upon which to determine whether and to what extent the request was appropriate. The court was unable to balance the confidentiality interests of the juvenile with the interests of the grand jury acting in its public watchdog function. The court therefore properly denied appellant's subpart (M) petition.

II.
Appellant's stance on this appeal is the same as its stance in the juvenile court. Appellant claims the juvenile court was compelled to grant it unrestricted access to the identified juvenile records with "no questions asked" because it is a grand jury and there is a public interest in the unfettered investigative power of the grand jury which overrides what appellant characterizes as the public's lesser interest in the confidentiality of juvenile court records. Citing M.B. v. Superior Court (2002) 103 Cal.App.4th 1384, 127 Cal.Rptr.2d 454, appellant takes the position its status as a grand jury armed with the power to investigate matters of public concern established, without more, the required "good cause" for an access order under subpart (M). Appellant's argument rests upon the premise that there is an irreconcilable conflict between section 827 and Penal Code section 925 which must be resolved in favor of the public policy concerns underlying Penal Code section 925.[5]
We agree that strong public policy underlies the civil investigative function of a grand jury. (People v. Superior Court (1973 Grand Jury) (1975) 13 Cal.3d 430, *149 436-437, 119 Cal.Rptr. 193, 531 P.2d 761.) But strong public policy also underlies the confidentiality accorded to juvenile proceedings (T.N.G. v. Superior Court, supra, 4 Cal.3d at p. 778, 94 Cal.Rptr. 813, 484 P.2d 981); in fact, the policy is so substantial it has resisted unrestricted intrusions based upon federal First Amendment rights. (See San Bernardino County Dept. of Public Social Services v. Superior Court (1991) 232 Cal.App.3d 188, 204-205, 283 Cal.Rptr. 332.)
Appellant does not suggest a principled basis upon which we might prefer its interests over those of the juvenile system; appellant merely assumes that its identity as a grand jury suffices. Whether this is so is beside the point, because we think any conflict between the competing public policies has already been resolved by the branch of governmentthe Legislature vested with the constitutional power to decide what is wise and what is unwise public policy and which policy considerations are entitled to preeminence. (See Superior Court v. County of Mendocino (1996) 13 Cal.4th 45, 52-53, 51 Cal.Rptr.2d 837, 913 P.2d 1046 [the choice among competing public policy considerations in enacting laws is a legislative, not a judicial, function]; T.N.G. v. Superior Court, supra, 4 Cal.3d at p. 781, 94 Cal.Rptr. 813, 484 P.2d 981 [Legislature's decision in favor of the confidentiality of juvenile records represents a policy choice].) Thus far, the lawmakers have not been of the mind to permit a grand jury to have access to confidential juvenile records in the absence of a court order entered upon an adequate showing of need and relevance. Title 4 of Part 2 of the Penal Code, including sections 924 and 924.1, was first enacted in 1959. (Stats.1959, ch. 501, p. 2443, § 1.) Penal Code section 924.1 was amended in 1986. (Stats.1986, ch. 357, § 1.) Other provisions of Title 4 have been amended and added to regularly over the years. The Supreme Court's jurisprudence on the strict rule of grand jury secrecy extends back to at least 1862. (See Daily Journal, supra, 20 Cal.4th at pp. 1125-1126, 86 Cal.Rptr.2d 623, 979 P.2d 982.) Section 827 was first enacted in 1961 (stats.1961, ch. 1616, p. 3494, § 2) and has been amended virtually every year since it first appeared (see Historical and Statutory Notes 73A West's Ann.Welf. & Inst.Code (1998 ed.) Foll. § 827, pp. 429-431). We must presume from this history that the Legislature had the principle of grand jury secrecy in mind when it produced, and as it has continuously changed, section 827 and thus that the Legislature intentionally omitted grand juries from the select list found in the present version of subparts (A)-(L). (Bailey v. Superior Court (1977) 19 Cal.3d 970, 977-978, fn. 10, 140 Cal. Rptr. 669, 568 P.2d 394.) And even if the omission was the product of legislative oversight, we cannot correct the mistake. (Burden v. Snowden (1992) 2 Cal.4th 556, 562, 7 Cal.Rptr.2d 531, 828 P.2d 672 ["Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history"]; Ornelas v. Randolph (1993) 4 Cal.4th 1095, 1105-1106, fn. 8, 17 Cal. Rptr.2d 594, 847 P.2d 560 [accord]; see Code Civ. Proc., § 1858 [a court must not "insert what has been omitted"].)[6]
*150 Appellant also appears to take the position that rule 1423 is invalid because, by imposing specific procedural requirements on a petitioner and by directing the factors the court must take into account in ruling on a petition, the rule impermissibly restricts what appellant claims is the juvenile court's subpart (M) statutory authority to permit access regardless of any consideration of "good cause." First, there is no fatal inconsistency between rule 1423 and subpart (M). Section 827 authorizes certain categories of individuals to have access to dependency records without court permission and requires all others to secure a court order as a condition of access. The Legislature's decision to give some but not all persons free entry into juvenile records manifests an intent that those not expressly enumerated must show a legitimate need for the records. Rule 1423 is the Judicial Council's considered statement of those procedures and elements pertinent to a decision by the juvenile court to permit access to one not automatically entitled to it. We think the contents of the current rule deal with appropriate matters of procedure and are not inconsistent with the letter or spirit of subpart (M). (See Cal. Const. art. VI, § 6; Schmier v. Supreme Court (2000) 78 Cal.App.4th 703, 709-710, 93 Cal. Rptr.2d 580.) Indeedand with apologies to Voltairebecause the Legislature gave juvenile courts the authority to receive and rule on petitions for access but did not prescribe any implementing procedures or substantive standards, if rule 1423 did not exist the courts would have to invent it. (Code Civ. Proc. § 187; Walker v. Superior Court (1991) 53 Cal.3d 257, 266-267, 279 Cal.Rptr. 576, 807 P.2d 418 [courts have inherent power to devise new procedures to help ensure the efficient administration of the courts]; In re Jeanette H. (1990) 225 Cal.App.3d 25, 34-35, 275 Cal.Rptr. 9.)
Additionally, to the extent appellant means to say that rule 1423 circumscribes what appellant considers the courts' power under subpart (M) to permit access to a person not listed in subparts (A)-(L) without a showing of good cause, the Legislature rejected any intention to grant such unrestricted authority to the courts by the very language used in section 827 and by the manner in which the statute was constructed. Had the Legislature been inclined to allow any applicant access to juvenile records for any reason or for no reason, section 827 would not read as it does.
Nothing in M.B. v. Superior Court, supra, 103 Cal.App.4th at p. 1384, 127 Cal. Rptr.2d 454, persuades us otherwise. M.B. did not address section 827. M.B. instead dealt with a subpoena duces tecum issued in a criminal grand jury proceeding. The court held that such a subpoena need not be supported by an affidavit demonstrating "good cause" and materiality. (Id. at p. 1393, 127 Cal.Rptr.2d 454.) The decision rested upon the distinction between general civil proceedings and criminal proceedings, and found that Code of Civil Procedure sections 1985 and 1987.5, the statutes which require that an affidavit of good cause and materiality be served with a subpoena duces tecum, simply did not apply to either criminal trials or criminal grand jury proceedings. (M.B. v. Superior Court, supra, 103 Cal.App.4th at pp. 1394-1395,127 Cal.Rptr.2d 454.)
M.B. does restate the proposition that the "`law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority.'" (103 Cal.App.4th at p. 1386, 127 Cal.Rptr.2d 454, italics omitted.) However, *151 the precedent for the principle was the United States Supreme Court's opinion in United States v. R. Enterprises, supra, 498 U.S. at pp. 300-301, 111 S.Ct. 722, a criminal case which addressed only rule 17(c) of the Federal Rules of Criminal Procedure, and the three opinions cited by the United States Supreme Court  United States v. Mechanik (1986) 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50, Hamling v. United States (1974) 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590, and United States v. Johnson (1943) 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546were also federal criminal cases. Moreover, even if the presumption applies to civil grand jury matters, there remains the Legislature's express exclusion of all grand juries, whether or not acting within the scope of their authority, from the list of persons and entities with an untrammeled right of access to juvenile records and information. A grand jury's desire for juvenile information which arises from an otherwise legitimate investigation implicates the public policy interests behind Penal Code section 925 but does not implicate the public policy interests behind juvenile confidentiality, and, as we have concluded, the Legislature in section 827 explicitly rejected the notion that the former should always prevail over the latter.
Undoubtedly, the grand jury plays an important role as a public watch dog (McClatchy Newspapers v. Superior Court, supra, 44 Cal.3d at p. 1170, 245 Cal.Rptr. 774, 751 P.2d 1329; Board of Retirement v. Santa Barbara County Grand Jury (1997) 58 Cal.App.4th 1185, 1187, 68 Cal.Rptr.2d 607), but the standoff between the competing policies served by section 827 and Penal Code section 925, if there is such a standoff, can only be resolved, if it is to be resolved, by the Legislature.

DISPOSITION
The order denying appellant's petition for access to the specified juvenile court records and information is affirmed. Each side shall bear its own costs on appeal.[7]
WE CONCUR: BUCKLEY and WISEMAN, JJ.
NOTES
[1] All further references to section 827 are to Welfare and Institutions Code section 827.
[2] The statutes pertaining to and governing grand jury proceedings are found in Title 4 of Part 2 of the Penal Code. Included among these provisions are Penal Code sections 924 [a grand juror who willfully discloses, before the defendant has been arrested, the existence of a felony information or indictment is guilty of a misdemeanor], 924.1, subdivision (a) [a grand juror "who, except when required by a court, willfully discloses any evidence adduced before the grand jury, or anything which he himself or any other member of the grand jury has said, or in what manner he or she or any other grand juror has voted on a matter before them, is guilty of a misdemeanor"], 924.2 [a grand juror must keep secret what he or she or any other grand juror has said and how or in what manner he or she or any other grand juror has voted], and 924.3 [a grand juror may not be questioned about anything said by the grand juror or how the grand juror has voted except to the extent it relates to perjury by the grand juror to the grand jury].
[3] All further references to rules are to the California Rules of Court unless otherwise indicated.
[4] Appellant concedes subpart (M) is the only means by which it may obtain access to the sought after information. Penal Code section 921 in part gives the grand jury free access to all public records within the county, but juvenile records are not public. (In re Keisha T., supra, 38 Cal.App.4th at p. 232, 44 Cal. Rptr.2d 822.)
[5] We assume for purposes of this opinion that appellant is correct in its assertion that, regardless of the circumstances and conditions, any subpart (M) disclosure whatsoever to the juvenile court, to the minor, or to any interested party (see In re Keisha T., supra, 38 Cal.App.4th at p. 240, 44 Cal.Rptr.2d 822) of any information about appellant's investigation or its purpose in seeking the juvenile records would violate the rule of grand jury secrecy. (See Daily Journal, supra, 20 Cal.4th at pp. 1124-1125, 86 Cal.Rptr.2d 623, 979 P.2d 982; § 827, subd. (a)(3)(B).) We therefore do not consider whether appellant's stance is in fact correct, nor do we explore any related issue, such as whether means may be available by which to guard against the dissemination of grand jury information, secret or not, presented in support of a subpart (M) petition. (See, e.g., In re Keisha T., supra, 38 Cal.App.4th at pp. 240-241, 44 Cal.Rptr.2d 822; § 827, subd. (a)(4); rule 1423, subd. (c) [in camera proceedings]; rule 1423, subd. (b) [protective orders].)
[6] We note that the United States Supreme Court has been unwilling to allow grand juries to secure records on demand for purposes of federal criminal proceedings if the holder of the records lacks sufficient information about the subject of the investigation. In United States v. R. Enterprises, Inc. (1991) 498 U.S. 292, 300-301, 111 S.Ct. 722, 112 L.Ed.2d 795, the court observed that "a court may be justified in a case where unreasonableness is alleged in requiring the Government to reveal the general subject of the grand jury's investigation before requiring the challenging party to carry its burden of persuasion" that the demand is unreasonable. (Id. at p. 302, 111 S.Ct. 722.)
[7] The parties are separate departments of the same entity and are represented by separate county entities. The costs of the appeal are ultimately coming out of the same financial pot.