[No. E036100. Fourth Dist., Div. Two. May 17, 2005.]

In re ANTHONY H., a Person Coming Under the Juvenile Court Law.

[No. E036595. Fourth Dist., Div. Two. May 17, 2005.]

BARBARA H., Petitioner and Appellant, v.
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,
Objector and Respondent.

## COUNSEL

Law Offices of Vincent W. Davis, Vincent W. Davis and Dia S. D. Rogers for Petitioner and Appellant.

William C. Katzenstein, County Counsel, and Julie Koons Jarvi, Deputy County Counsel, for Objector and Respondent.

Sharon M. Jones, under appointment by the Court of Appeal, for Minor.

## Opinion

GAUT, J.—In this consolidated appeal, Barbara H. (Grandmother) appeals from two juvenile court orders entered on June 8, 2004, and August 16, 2004, denying her petitions for disclosure of the juvenile court records of her grandson, Anthony H. Grandmother seeks disclosure of her grandson's juvenile records under Welfare and Institutions Code section 827[1] for purposes of prosecuting her federal civil action against Riverside County, the Riverside Department of Public Social Services (DPSS), and two DPSS social workers (defendants). Grandmother contends the trial court abused its discretion in denying her two records disclosure petitions.

We find no abuse of discretion in the juvenile court's June order since proceedings to determine the records disclosure matter were pending in the federal court. However, the juvenile court erred in denying Grandmother's August records disclosure petition on the ground the federal court had decided the matter. To the contrary, the federal court appropriately refused to decide whether any of the records could be disclosed. The federal court concluded the juvenile court had exclusive authority under section 827 to determine the matter. Since neither the juvenile court nor federal court decided Grandmother's first or second petitions, or defendants' petition on the merits, Grandmother's August petition (third petition) for records disclosure was not barred by res judicata.

The juvenile court's August 16, 2004, order denying Grandmother's August records disclosure petition is reversed, with directions to the juvenile court to decide Grandmother's petition on the merits. The juvenile court's June 8, 2004, order denying Grandmother's second petition is affirmed.

### 1.   Factual and Procedural Background

On August 8, 2003, Grandmother and Anthony's great-grandparents (plaintiffs) filed in federal district court a complaint, first amended complaint, and second amended complaint (complaint) against defendants. The civil lawsuit contains causes of action for (1) violation of federal civil rights, (2) conspiracy, (3) fraud, deceit and misrepresentation, (4) violation of state constitutional rights, and (5) intentional and negligent infliction of emotional distress.

Plaintiffs alleged in the complaint that their state and federal constitutional rights to due process and equal protection were violated during the juvenile

---

[1] Subsequent statutory references are to the Welfare and Institutions Code.

dependency proceedings. Anthony was removed from their care and placed for adoption allegedly in violation of their rights to care for and adopt him. Plaintiffs claim defendants submitted false social worker reports to the court, fabricated evidence, omitted material facts, and misled plaintiffs concerning material facts regarding the juvenile dependency proceedings.

Plaintiffs allege in their complaint the following facts. Anthony was born in September 1998. Until he was taken into protective custody in November 2000, he lived with his mother and plaintiffs. Grandmother was his primary caretaker.

In October 2000, a passerby found Anthony, who was two years old, walking unattended down the driveway of his home. The passerby took Anthony to the door of his home, left him with his family, and notified the DPSS. A DPSS social worker went to Anthony's residence and spoke to mother. Mother stated that she had left Anthony in his great-grandparents' care. She admitted she was a recovering addict.

The DPSS removed Anthony from his home and filed a dependency petition. The court declared Anthony a dependent of the juvenile court, and in December 2000, placed him with mother in a residential treatment program. Mother, however, was forced to leave the rehabilitation center within a few days due to threatening one of her counselors. A social worker called Grandmother at work and told her to pick up Anthony. She said she would as soon as she got off work. The DPSS, however, reported Grandmother said she would not pick up Anthony and therefore the DPSS placed Anthony in foster care.

The DPSS social worker asked Grandmother to adopt Anthony but Grandmother felt adoption was premature since reunification with mother was still possible. Grandmother said she would like legal guardianship of Anthony but the social worker said he had to be adopted. Unfortunately, shortly thereafter, mother was incarcerated. Grandmother claims she told the social worker that, if mother lost custody, she would adopt Anthony. Nevertheless, in May 2001, Anthony was moved to a nonrelative preadoption home.

Grandmother filed a section 388 motion and motion for de facto parent status but the court denied her motions. In September 2001, Grandmother appealed the ruling, and did not prevail. Meanwhile, in October 2001, the juvenile court terminated mother's parental rights.

In March 2002, Grandmother filed a petition to adopt Anthony but her petition was denied and, in June 2002, he was legally adopted by his current foster family.

In furtherance of prosecuting Grandmother's federal lawsuit, in January 2004, she filed a petition for disclosure of Anthony's juvenile dependency records under section 827 (first petition). Grandmother asserted that she needed the records to pursue her federal action. The juvenile court summarily denied the petition.

In February 2004, defendants filed in juvenile court a similar petition for disclosure of Anthony's juvenile dependency records on the grounds the records were necessary for defendants to provide a defense in the federal lawsuit. Anthony's adoptive parents opposed the petition on the ground that disclosing his records would cause irreparable harm to Anthony and his relationship with them since they were the only parents he knew. He had lived with them for nearly three years, since he was two and a half.

The juvenile court set defendants' petition for a hearing on March 11, 2004. During the hearing, counsel for defendants informed the court that the DPSS was not opposed to the juvenile court releasing under seal Anthony's juvenile court file to the district court for review. The district court judge could then determine which records were relevant to the pending federal action and should be disclosed. The court accordingly ordered Anthony's juvenile dependency records released under seal to Judge Phillips of the federal district court for review and determination as to which records should be released. The court further ordered the records returned under seal to the juvenile court upon completion of the federal proceeding.

On March 26, 2004, the juvenile court forwarded Anthony's records to the federal district court. Upon receipt of the records, Judge Phillips permitted the parties to file motions regarding disclosure of the records. Grandmother sought the records for use during pretrial discovery, pretrial motions, and as evidence during the trial. Defendants sought access to the records for the purpose of defending themselves in the federal action.

Meanwhile, in May 2004, Grandmother again petitioned in juvenile court for disclosure of Anthony's records (second petition). On June 8, 2004, the juvenile court summarily denied the petition on the ground the "court already released juvenile file to Judge Phillips."

On June 23, 2004, Grandmother appealed the June 8, 2004, order denying her petition for disclosure. Anthony's great-grandparents did not appeal the ruling and are not parties to this appeal.

On July 27, 2004, Judge Phillips denied the parties' request to release Anthony's juvenile court file, and ordered the file returned under seal to the juvenile dependency court. Judge Phillips noted in her written statement of

decision that under section 827, the juvenile court is vested with exclusive authority to decide whether to disclose juvenile records to third parties. Acknowledging principles of strong federal court deference to state court determinations in juvenile dependency matters, Judge Phillips explained in her written decision that "Principles of comity and federalism advise against the release of the information at issue, and Plaintiffs offer no authority which suggests that any court, other than the Juvenile Court, may release confidential juvenile records to the parties in a civil action. In light of the significant interests involved, the Court will not assume this authority."

In August 2004, grandmother filed in state court her third petition for disclosure of Anthony H.'s juvenile dependency records (third petition). The court summarily denied the petition on the ground the "matter [was] already released and reviewed by Federal Court Judge."

On September 7, 2004, Grandmother appealed the August 16, 2004, order. This court ordered consolidated Grandmother's appeals of the June 8, 2004, and August 16, 2004, orders denying her second and third petitions for disclosure of Anthony H.'s juvenile court records.

### 2.   Release of Juvenile Records

Grandmother contends the juvenile court abused its discretion in denying her second and third petitions for disclosure of records under section 827. We agree the juvenile court erred in denying Grandmother's third petition on procedural grounds, without considering it on the merits.

■   Section 827 governs disclosure of confidential juvenile records to individuals and the public. Section 827, subdivision (a)(1)(A) through (N) sets out the categories of persons with the right *to inspect* juvenile records without a court order. The federal court is not included in any of those enumerated categories. But section 827, subdivision (a)(1)(O) provides that "Any other person who may be designated *by court order of the judge of the juvenile court* upon filing a petition" may also inspect juvenile court records. (Italics added.)

■   California Rules of Court, rule 1423[2] sets forth the procedures for obtaining confidential juvenile records under section 827. (*In re Keisha T.* (1995) 38 Cal.App.4th 220, 235 [44 Cal.Rptr.2d 822].) Rule 1423(b) provides in part that "Authorization for any other person to inspect, obtain, or copy juvenile court records must be ordered by the juvenile court presiding judge or a *judicial officer designated by the juvenile court presiding judge.*" (Italics added.)

---

[2] Subsequent statutory references to rules are to the California Rules of Court.

In the instant case, Judge Dugan, a juvenile court judge, designated a federal judicial officer, Judge Phillips, to review and decide whether any of Anthony's juvenile court records could be disclosed to third parties. While rule 1423 could be construed as allowing the juvenile court presiding judge to authorize a judicial officer from any court to determine disclosure of juvenile court records, this would be inconsistent with the letter and spirit of section 827.

In construing rule 1423, consistent with the language, purpose, and intent of section 827, we conclude the reference in rule 1423(b) to *"judicial officer* designated by the juvenile court presiding judge" (italics added) was intended to be limited to judicial officers *of the juvenile court.* To find otherwise would be inconsistent with, and defeat the purpose of section 827 by permitting judicial officers who are not in a position to determine the best interests of the child whose records are subject to being disclosed.

As noted in *People v. Superior Court* (2003) 107 Cal.App.4th 488 [132 Cal.Rptr.2d 144], "Section 827 and California Rules of Court, rule 1423, which control the dissemination of confidential juvenile records, reflect a determination by the Legislature that the juvenile court has both the ' "sensitivity and expertise" to make decisions about access to juvenile records.' [Citations.]" (*People v. Superior Court, supra,* at p. 491, fn. omitted.) For this reason, section 827, subdivision (a)(1)(O) gives the juvenile court the exclusive authority to determine when juvenile records will be released to anyone other than those designated in section 827, subdivision (a)(1)(A) through (N). (*People v. Superior Court, supra,* at p. 491, fn. omitted.)

In the instant case, the juvenile court judge, who was not the presiding judge of the juvenile court,[3] delegated the juvenile court's exclusive authority to determine disclosure of juvenile court records to a federal court judge. Such procedure violated section 827 and was not in compliance with rule 1423. Even if under section 827 and rule 1423 the juvenile court judge was permitted to delegate to Judge Phillips its authority to review and determine disclosure of Anthony's juvenile court records, Judge Phillips's decision not

---

[3] Section 459, subdivision (a) of the Evidence Code allows a reviewing court to take judicial notice of any matter specified in section 452. (See also *Tushinsky v. Arnold* (1987) 195 Cal.App.3d 666, 673, fn. 5 [241 Cal.Rptr. 103].) Section 452, subdivisions (c), (d), and (g) allow this court to take judicial notice that Judge Leonard was the presiding judge of the juvenile court in 2004 (see page 20 of the Riverside County Superior Court order, entitled "In the Matter of the Apportionment of Court Business, and Establishment of Current Court Calendar, for the Calendar Year 2004," dated February 4, 2004, and the August 2004 Daily Journal telephone directory, reflecting that Judge Leonard was the presiding judge of the juvenile court in 2004).

to exercise such authority resulted in the matter of disclosure being left undecided on the merits. As a consequence, Grandmother's subsequent petition for disclosure (third petition), filed after Judge Phillips declined to rule on disclosure of the records, was not barred by res judicata.

## A.  *Res judicata*

Defendants argue Grandmother's second and third petitions were barred under the doctrine of res judicata because the juvenile court denied Grandmother's first and second petitions, as well as defendants' petition for records disclosure.

Under the doctrine of res judicata, conclusive effect is given to a previous judgment in subsequent litigation involving the same claim or controversy. (*Mata v. City of Los Angeles* (1993) 20 Cal.App.4th 141, 149 [24 Cal.Rptr.2d 314].) Res judicata, or claim preclusion, is applicable to the same cause of action between the same parties or their privies. (*Rice v. Crow* (2000) 81 Cal.App.4th 725, 734 [97 Cal.Rptr.2d 110].) Res judicata applies when (1) the claim raised in the prior adjudication is identical to the claim presented in the later action; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior adjudication. (*Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1015 [48 Cal.Rptr.2d 174].)

In this case, the first and second res judicata elements are lacking.

*Grandmother's First Petition*

Defendants argue the juvenile court's denial of Grandmother's first petition, filed in January 2004 (first petition), had res judicata effect. But the petition was summarily denied without a hearing. There is thus no indication whether it was denied on procedural grounds or on the merits.

Furthermore, after the court denied the first petition, defendants petitioned for disclosure of Anthony's juvenile court records and, perhaps because both Grandmother and defendants were requesting the records, the juvenile court ordered Anthony's juvenile court file transferred under seal to Judge Phillips to allow her to determine whether any of Anthony's juvenile court records should be released. This indicates the juvenile court's ruling on the first

petition was not conclusive on the matter of records disclosure and did not have res judicata effect on any subsequent petition for disclosure of records.

*Grandmother's Second Petition*

With regard to Grandmother's second petition for disclosure, filed in June 2004, the juvenile court's denial of that petition had no res judicata effect since the petition was denied on procedural grounds, because it was filed and decided while the matter of records disclosure was pending in the federal court. The juvenile court once again did not determine the matter of disclosure of Anthony's juvenile court records on the merits.

*Defendant's Petition*

The juvenile and federal court rulings on defendant's petition for disclosure of Anthony's juvenile court records also did not have res judicata effect. The juvenile court simply deferred to the federal court determination of whether any of the records could be disclosed, and the federal court transferred the matter back to the juvenile court without deciding the matter on the ground the federal court did not have authority to decide whether confidential juvenile records could be disclosed to third parties. Defendant's petition therefore was not decided on the merits.

Since the juvenile and federal court rulings on Grandmother's first and second petitions and defendant's petition did not have res judicata effect, Grandmother was not barred from filing her third petition for records disclosure.

### B. *Specificity of Records Request*

Defendants argue there was no abuse of discretion in denying Grandmother's second and third petitions because she did not adequately specify the documents sought and there was no showing that a reasonable likelihood existed that the records requested would disclose information substantially relevant to the federal lawsuit.

We need not address this contention as to Grandmother's second petition since the juvenile court appropriately denied the second petition on other grounds. The juvenile court summarily denied the petition on the ground it had previously transferred the juvenile court file to the federal court for determination as to which records could be disclosed. Since the matter was

pending in the federal court, the juvenile court did not abuse its discretion in summarily denying Grandmother's second petition.

As to the third petition, we are not persuaded by defendants' contentions that the petition was appropriately denied because it did not sufficiently itemize the requested documents. We first note that, without possession of the juvenile court file, it would be difficult to list the documents in detail or know which documents would be useful or relevant in the federal lawsuit. Furthermore, the second petition provided sufficiently specific descriptions of the documents requested. In the third petition, Grandmother requested: "(a) All documents filed in his juvenile court case; [¶] (b) All reports to the court by probation officers, social workers of child welfare services program, and court-appointed special advocates; [¶] (c) Documents made available to probation officers, social workers of child welfare services programs, and court-appointed special advocates in preparation of reports to the court; [¶] (d) Documents relating to Anthony H. which are maintained in the office files of probation officers, social workers of child welfare services programs, and court-appointed special advocates; [¶] (e) Transcripts, records, or reports relating to matters prepared or released by the court, probation department, or child welfare services program; [¶] (f) Documents, video or audio tapes, photographs, and exhibits admitted into evidence at juvenile court hearings; and [¶] (g) All social worker notes and files." Grandmother stated in her petition that she needed these documents for a civil action pending in federal district court, and defense counsel explained in his supporting declaration that without these documents, Grandmother and Anthony's great-grandparents "would be denied the opportunity to vindicate their rights and refute defendants' defense in the matter." Grandmother also attached a copy of the federal complaint to her petition.

Grandmother's list of documents was sufficiently specific and it was clear why Grandmother needed Anthony's juvenile dependency records. She was suing the county, DPSS, and DPSS employees for mishandling her grandson's juvenile dependency case and conspiring against her in removing Anthony from her custody and placing him for adoption by third parties, rather than allowing her to adopt him. She claimed she needed to review and use as evidence the confidential juvenile dependency records to prosecute her case. Without them, it would be extremely difficult to determine whether there had been any wrongdoing, and if so, to prove it.

Defendants further argue Grandmother presents a litany of allegations against the defendants but provides no citation to the record to support any of these claims; she does not cite to any specific social worker's reports, probation officer's reports, court-appointed special advocates' reports, photographs, videotapes, or audiotapes in Anthony's juvenile court file. But, no

doubt, she cannot do so because such documents are confidential and, most likely, have not been provided to her.

### C. *Balancing Competing Interests*

Defendant also argues that Grandmother has not established that her interests in disclosure of Anthony's juvenile records ("prosecuting her case and vindicating her rights") outweigh the strong interests of Anthony in keeping his records confidential. Defendant adds Grandmother has no constitutional right to custody of Anthony.

■ As explained in *Keisha T.* with regard to balancing the child's privacy interests and third party interests in disclosure of the records, "The juvenile court must recognize the general policy of confidentiality and hold paramount the best interests of the minors. Confidentiality serves not only to protect the best interests of the minors, it also encourages full disclosure, by the minors and others, of all information necessary for proper functioning of the juvenile welfare system." (*In re Keisha T., supra,* 38 Cal.App.4th at p. 240; see also rule 1423.)

■ In the instant case, the juvenile court never reached the merits of the parties' disclosure petitions and thus there was no balancing of the competing interests. The juvenile court, not this court, is in the best position to do so. It is not appropriate for this court to second-guess what the juvenile court's determinations and findings might have been had the juvenile court balanced Anthony's privacy interests against Grandmother's competing interests in prosecuting her federal action. Accordingly, we remand this matter to the juvenile court with directions to determine whether any of Anthony's juvenile court records may be disclosed, and under what conditions, in connection with Grandmother's federal action.

### 3. Disposition

The juvenile court's June 8, 2004, order as to Grandmother's second petition is affirmed. The August 16, 2004, order as to Grandmother's third petition is reversed and the cause is remanded to the juvenile court with instructions to hold a hearing on Grandmother's third petition and to decide the matter on the merits. The juvenile court is further instructed to appoint an attorney for the child, Anthony H. In the event the juvenile court orders disclosure of any of Anthony H.'s juvenile court records, the court is directed to take appropriate measures to protect Anthony's privacy interests, such as limiting disclosure of Anthony's records to designated parties and/or entities, redacting Anthony's name or any other information revealing his identity, and/or redacting information which, if disclosed, may not be in Anthony's best interests.

The parties shall bear their own costs on appeal.

Hollenhorst, Acting P. J., and McKinster, J., concurred.