[No. A109750. First Dist., Div. Four. Oct. 28, 2005.]

In re GINA S., a Person Coming Under the Juvenile Court Law.
MARIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and
Respondent, v.
DONNA S., Defendant and Appellant.

**COUNSEL**

Mario de Solenni for Defendant and Appellant.

Patrick K. Faulkner, County Counsel, Byron K. Toma, Deputy County Counsel; and Amanda L. Inocencio, for Plaintiff and Respondent.

Marin Williamson for Minor.

OPINION

SEPULVEDA, J.—Appellant Donna S. challenges two juvenile court orders restricting access to confidential case files in the dependency proceedings regarding her daughter Gina S. The first order directed appellant to return copies she had received from the juvenile court file and prohibited her from disseminating the records without a prior court order. The second order denied appellant's petition pursuant to Welfare and Institutions Code section 827[1] (section 827 petition) for disclosure of juvenile records. In affirming the order directing appellant to return documents, we conclude that although appellant is authorized to inspect juvenile court files, she is not entitled to make copies absent a prior court order. We find, however, that the juvenile court's second order improperly denied appellant access to documents needed to pursue an invasion of privacy claim and therefore reverse the denial of appellant's section 827 petition.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Gina was born in July 1987 and was the subject of several referrals to child protective services beginning in 1992, when she was five years old.[2] In March 2003, respondent filed a petition based on allegations Gina suffered serious emotional damage as a result of appellant's behavior. The case number for the proceedings was JV22599A (the first dependency case). The first dependency case was dismissed after an agreement that Gina would remain with her caretakers and appellant would cooperate so that Gina could receive medical treatment and other services requiring parental authorization. A second petition was filed in July 2003, based on allegations that appellant rescinded previous authorization regarding medical care, which prevented Gina's caretakers from securing medical care for her. The new petition was assigned a different case number. Gina was adjudged a dependent child of the juvenile court in September 2003, and the juvenile court later terminated reunification services. In *In re Gina S., supra,* Nos. A104619, A106628, we affirmed the juvenile court's order finding jurisdiction over Gina but reversed

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Because the record before us does not provide detailed information about the underlying dependency proceedings, some of the following factual and procedural background is taken from this court's prior opinion in *In re Gina S.* (Dec. 22, 2004, A104619, A106628) [nonpub. opn.]. On the court's own motion, we also take judicial notice of the records in Nos. A104619 and A106628. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

the court's order terminating reunification services to appellant because the juvenile court failed to adopt a case plan for appellant. Neither reunification services nor custody of Gina are at issue in this appeal.[3]

### A. *The Section 827 Petition.*

In December 2004, appellant, acting in propria persona, served a section 827 petition. The petition requested "[a]ll records generated or supplemented between February 1, 2003 and September 1, 2003 that include any of the following terms: 1. 'SSA,' 2. 'Commissioner,' 3. 'social security office,' or 'social security employee,' 4. [variations of a first and last name], 5. 'medical diagnosis' and/or 'medical condition of Donna S[.],' or any combination of those terms . . . ." The petition also requested records that contained "information about the past, present, or future physical or mental health or condition of Ms. Donna S[.]," information about "any governmental agency inappropriately obtaining information referring to Ms. Donna S[.], or misusing information referring to Ms. Donna S[.]," and "any sworn declaration or affidavit that has been filed by any of [appellant's] attorneys in this case." The petition stated that appellant believed "her federal Privacy Act Rights" had been violated and sought the documents in order to allow her attorney to investigate what was disclosed and to evaluate the validity of possible legal claims. The petition was dated December 17, 2004, and bore the number of the first dependency case. It was stamped, "Received Marin County Superior Court 2004 Dec 28"; above the stamp was the handwritten note, "lodged on demand."[4]

### B. *Respondent's Application for Temporary Restraining Order.*

According to a declaration filed in the juvenile court, Gina's counsel filed a "preliminary response" to the section 827 petition on December 28, 2004. While filing the response, Gina's counsel was informed by a juvenile court clerk that another clerk had provided appellant with "copies of documents

---

[3] The minor turned 18 in July 2005 and has " 'aged out' " of the dependency proceedings, according to her appellate attorney. Even assuming that the juvenile court has terminated jurisdiction based on the minor reaching the age of majority (§ 391), we nonetheless consider the merits of appellant's appeal because the issues raised are not moot and because the juvenile court retains jurisdiction to determine whether to release confidential documents. (*In re Anthony H.* (2005) 129 Cal.App.4th 495, 502 [28 Cal.Rptr.3d 575] [juvenile court has exclusive authority over release of juvenile records].)

[4] The juvenile court permitted the section 827 petition to be considered in the pending dependency proceeding even though the petition was lodged in the first dependency case, which was closed. Respondent filed a motion to dismiss this appeal based in part on the fact appellant's notice of appeal contained an incorrect juvenile case number. We denied the motion on May 25, 2005.

from Gina's confidential juvenile file . . . upon her request." It was unclear whether the copied documents had come from the file in the present action or in the first dependency case. According to the declaration of Gina's counsel, counsel informed the juvenile court clerk that appellant was not permitted to have copies of documents from the juvenile court file.

Respondent filed an ex parte application for an order to show cause and temporary restraining order (TRO), requesting that appellant not "copy or disseminate any of the information from her daughter's confidential dependency files." The juvenile court entered a TRO, effective until January 11, 2005,[5] and ordered appellant not to copy, distribute, or disseminate any of the records. The TRO was subsequently extended until February 1, when another hearing was scheduled.

### C. *The February 1, 2005 Hearing.*

The juvenile court considered both the request for appellant to return documents copied from the juvenile court file and appellant's section 827 petition on February 1. The court first considered the application for an order regarding the copies appellant received from the juvenile court file. After hearing argument from appellant's counsel, the juvenile court granted respondent's application and ordered appellant to return any and all documents copied from the juvenile court file and not to copy or disseminate any documents or information received from the file without obtaining prior court authorization. After the juvenile court issued its order, appellant's counsel stated appellant had "a problem recalling which documents she actually received from the clerk's office." The juvenile court responded, "I have a Court order in place. If I were you, I would find out where those documents are and return them."

The juvenile court next considered appellant's section 827 petition. Appellant's counsel argued[6] that appellant sought to have an attorney review a "very limited class of documents" in order to pursue a claim for an alleged wrongful dissemination of Social Security records to respondent. Gina's counsel argued that Gina's file documented the years of abuse Gina suffered while in her mother's care and that she did not "understand how any information can come out of those files without it affecting Gina's privacy in some way." Respondent's counsel agreed and said "it would be extremely difficult" to separate the information appellant sought from private information about Gina. In response to respondent's counsel's statement that appellant previously had received relevant information through discovery, appel-

---

[5] All further dates refer to the 2005 calendar year unless otherwise indicated.

[6] Although appellant filed the section 827 petition in propria persona, the juvenile court permitted her counsel to argue the issue.

lant's counsel acknowledged Donna had the information but stated that she sought court permission to share that information with an attorney in connection with a possible privacy violation lawsuit.

The juvenile court reviewed in camera the Child Protective Services (CPS) files provided by respondent. After its review, the juvenile court stated, "I took a look at several of the code sections, and specifically [California] Rule of Court [1]423(b) which requires that the court balance the interests of the child and other parties to the Juvenile Court proceedings, interests of the petitioner, and interests of the public. [¶] 'The Court must permit disclosure o[r] discovery, however access to Juvenile Court records only in so far as is necessary, and only if there is a reasonable likelihood that the records in question will disclose information or evidence of substantial relevance to the pending litigation.' [¶] And it goes on to say that, 'the burden is on the petitioner to describe in detail the reason the records are being sought and their relevancy to the proceeding for which petitioner wishes to inspect the records.' [¶] And I find that has not been met." The court then denied the section 827 petition in its entirety.

Appellant timely appealed from both the order that she return documents and the denial of her section 827 petition.[7]

## II.

### DISCUSSION

■ It is the express intent of the Legislature that "juvenile court records, in general, should be confidential." (§ 827, subd. (b)(1).) This reflects a long recognized public policy of protecting the confidentiality of juvenile proceedings and records. (*T.N.G. v. Superior Court* (1971) 4 Cal.3d 767, 778 [94 Cal.Rptr. 813, 484 P.2d 981]; *Keisha T.*, *supra*, 38 Cal.App.4th at p. 231.) Access to confidential juvenile records is governed by section 827. Section 827, subdivision (a) lists categories of people who have the right to inspect juvenile records without court order, including the child and his or her parents, as well as certain other designated persons who have a direct interest in matters related to the child. (§ 827, subd. (a)(1)(A)–(N).) Section 827, subdivision (a)(1)(*O*) also provides access to "[a]ny other person who may be designated by court order of the judge of the juvenile court upon filing a petition." The juvenile court has exclusive authority to determine the extent to which confidential juvenile records may be released and controls "the time,

---

[7] An order denying a petition under section 827 is appealable as a final judgment. (*In re Keisha T.* (1995) 38 Cal.App.4th 220, 229 [44 Cal.Rptr.2d 822] (*Keisha T.*).)

place and manner of inspection." (*Lorenza P. v. Superior Court* (1988) 197 Cal.App.3d 607, 611 [242 Cal.Rptr. 877]; see also *T.N.G. v. Superior Court*, *supra*, 4 Cal.3d at p. 778; *Keisha T.*, *supra*, 38 Cal.App.4th at p. 233.) "The juvenile court has both 'the sensitivity and expertise' to make this determination. [Citation.]" (*Keisha T.*, *supra*, at p. 232.)

■ Appellant argues that the juvenile court erred in ordering her to return the copies she received from a clerk and denying her section 827 petition because she has a right to access information about her own medical records in order to pursue redress for any violation of her privacy. Respondent emphasizes the vast discretion the juvenile court has over access to confidential juvenile case files. Gina has filed a brief asserting her right to privacy but supporting appellant's position and arguing that there is no good faith argument that the orders at issue were lawful in light of "significant procedural and evidentiary deficiencies." We review the juvenile court's orders for abuse of discretion. (*In re Elijah S.* (2005) 125 Cal.App.4th 1532, 1541 [24 Cal.Rptr.3d 16]; *In re R.G.* (2000) 79 Cal.App.4th 1408, 1413 [94 Cal.Rptr.2d 818]; *In re Tiffany G.* (1994) 29 Cal.App.4th 443, 453 [35 Cal.Rptr.2d 8]; *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1065 [24 Cal.Rptr.2d 654].)

A. *Ordering Appellant to Return Documents Was Not Abuse of Discretion.*

■ Section 827, subdivision (a)(1)(D) provides that a case file in juvenile proceedings "may be inspected" by the minor's parents. All parties (as well as the juvenile court) agree that appellant is permitted to inspect the confidential juvenile court file that relates to the dependency proceedings involving her daughter. (See Cal. Rules of Court, rule 1423(b)[8] [specified persons in section 827 may inspect juvenile court records without prior court authorization].) The juvenile court's order that appellant return copies she received and not make any further copies without the court's permission can only be justified if the right to *inspect* documents does not include the right to *copy* the same documents.

■ We independently determine the proper interpretation of section 827 (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]) and conclude that the right to inspect a juvenile court file does not include the *automatic* right to copy documents in the file. (85 Ops.Cal.Atty.Gen. 194 (2002) [right granted in section 827 to inspect file does not include authority to copy without first obtaining a court order].) The statute refers to the right to inspect, but not to copy, a case file. (§ 827,

---

[8] All rule references are to the California Rules of Court.

subd. (a)(1).) ■ "We must look to the statute's words and give them their 'usual and ordinary meaning.' [Citation.]" (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944].) The word "inspect," which means "to view closely in critical appraisal," does not encompass making "an imitation, transcript, or reproduction of an original work," the definition of the word "copy." (Merriam-Webster's Collegiate Dict. (11th ed. 2003) pp. 647–648, col. 2 & p. 256, col. 2.) As the Attorney General observed in a 2002 opinion holding that a district attorney may inspect but not copy documents in juvenile case files without first obtaining a court order, the Legislature "would know, of course, how to say 'inspected and copied' if it so intended." (85 Ops.Cal.Atty.Gen., *supra*, at p. 198, citing Corp. Code, § 6330 ["inspect and copy"]; Ed. Code, § 94874 ["inspection and copying"]; Evid. Code, § 1158 ["inspection and copying"]; Fam. Code, § 9200 ["inspection or copying"]; Gov. Code, § 6263 ["inspection or copying"]; Pen. Code, § 936.7 ["inspection and copying"]; see also Bus. & Prof. Code, § 800, subd. (c) ["inspect and have copies"]; Civ. Code, § 1365.2 ["inspection and copying"]; Food & Agr. Code, § 33261 ["inspect and copy"].)[9] ■ We note that although section 827 "has been amended virtually every year since it first appeared" in 1961 (*People v. Superior Court, supra*, 107 Cal.App.4th at p. 494), the Attorney General's interpretation of the statute has not been modified by the Legislature. (*Meyer v. Board of Trustees* (1961) 195 Cal.App.2d 420, 432 [15 Cal.Rptr. 717] [Legislature presumed to be aware of Attorney General opinion and able to take corrective action if opinion contrary to legislative intent].) That the Legislature has modified at least three other statutes to permit copying of documents also demonstrates that it is capable of taking corrective action. (See Amends. Deering's Ann. Bus. & Prof. Code, § 3717 (2005 supp.) p. 81; *id.*, § 10148 (2001 ed.) p. 130; Historical and Statutory Notes, 32D West's Ann. Gov. Code (2005 ed.) foll. § 11181, pp. 22–23.)

■ Sound public policy supports the Legislature's decision to afford some categories of people the right to inspect, but not to copy, documents in the juvenile case file. A juvenile case file is defined by statute as "a petition filed in any juvenile court proceeding, reports of the probation officer, and *all*

---

[9] The minor notes that a provision of the California Public Records Act is titled "Public Records Open to *Inspection*" yet clearly allows copying of documents. (Gov. Code, § 6253, subd. (b) [documents shall be made available after request for "*copy* of records," italics added].) The title is not significant because publishers' titles are unofficial. (*Redevelopment Agency of San Diego v. San Diego Gas & Electric Co.* (2003) 111 Cal.App.4th 912, 917–918 [4 Cal.Rptr.3d 317].) And while we agree with the general proposition that "the First Amendment recognizes ' "a general right to inspect and copy *public records* and documents, including judicial documents and records" ' " (*People v. Jackson* (2005) 128 Cal.App.4th 1009, 1021 [27 Cal.Rptr.3d 596], italics added), juvenile court records are not public. (*People v. Superior Court* (2003) 107 Cal.App.4th 488, 492, fn. 4 [132 Cal.Rptr.2d 144].)

*other documents* filed in that case *or made available to* the probation officer in making his or her report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer." (§ 827, subd. (e), italics added.) Allowing parties the unfettered right to copy such a broad category of documents absent a court order would frustrate the juvenile court's ability to safeguard the privacy of minors in order to protect their best interests and to control access to juvenile case files. (*T.N.G. v. Superior Court, supra,* 4 Cal.3d at p. 784; *In re Tiffany G., supra,* 29 Cal.App.4th at p. 450.)

■ Appellant's trial counsel argued that the language of rule 1423(b) supports the position that appellant was permitted to copy documents from the juvenile court file. But the plain language of the rule permits a party to "inspect, obtain, or copy juvenile court records" only after securing an order from the juvenile court. (Rule 1423(b).) That appellant does not have the automatic right to copy documents from Gina's case file does not mean she could not seek a court order to copy the documents, as respondent acknowledges. Section 827, subdivision (a)(3)(B) contemplates the *"release* of [a] juvenile case file or any portion thereof" (italics added) so long as interested parties are afforded due process, and courts have consistently interpreted the statute to vest the juvenile court with the authority to determine when the release of juvenile court records is appropriate. (*Keisha T., supra,* 38 Cal.App.4th at p. 232.)

The question remains whether the juvenile court abused its discretion in ordering the return of the copies appellant received from the juvenile case file. Appellant does not precisely explain how the juvenile court erred and instead focuses primarily on the denial of her section 827 petition. Respondent emphasizes that appellant does not have an automatic right to copy documents in the juvenile case file and concludes that because she had no such right, the juvenile court's order "was within the court's discretion and thus, was not an abuse of discretion." Gina argues the juvenile court did not follow proper procedures and that the juvenile court's order was not supported by any evidence.

■ As to Gina's procedural arguments, we first reject her argument that respondent lacked standing to request the documents be returned. (§ 280 [social services department shall represent interests of minors in dependency proceedings]; *In re Tiffany G., supra,* 29 Cal.App.4th at pp. 447–448, 450 [juvenile court had authority to enter nondissemination order following allegations in social worker's report].) ■ We also conclude that the juvenile court had the authority to order appellant to return copies of juvenile

case file documents, contrary to Gina's suggestion. (*In re Anthony H.* (2005) 129 Cal.App.4th 495, 502 [28 Cal.Rptr.3d 575] [juvenile court has exclusive authority to determine whether juvenile records will be released].) We likewise disagree that the juvenile court was required to follow the procedures for injunctions set forth in the Code of Civil Procedure. (*Pack v. Kings County Human Services Agency* (2001) 89 Cal.App.4th 821, 827 [107 Cal.Rptr.2d 594] (*Pack*) [section 827 governs confidentiality and release of juvenile records]; *People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1314 [116 Cal.Rptr.2d 700] [same].)

Gina also overstates how much "evidence" was required to support the juvenile court's order. Indeed, the records at issue can provide sufficient proof of the harm that would be suffered were they disclosed. (*Pack, supra,* 89 Cal.App.4th at p. 837.) It is beyond dispute that the juvenile case file here is filled with documents that detail the emotional abuse Gina suffered, as well as incidents that would be embarrassing to Gina were they to become public. It apparently also is undisputed that appellant actually received copies of documents from the clerk's office. Absent a court order, appellant might assume she was free to disseminate at will the copies she received, which "would clearly undermine the court's efforts to protect the [minor] and promote [her] best interests." (*In re Tiffany G., supra,* 29 Cal.App.4th at p. 452.)

In *In re Tiffany G.,* the court found that the juvenile court was well within its authority when it ordered that a mother and stepfather not circulate confidential information from juvenile records after they had mailed copies of various records to several people in two states and the stepfather suggested at a hearing he wanted to provide documents to a grand jury. (*In re Tiffany G., supra,* 29 Cal.App.4th at pp. 447–448, 450–451.) Although there was no evidence here as to what, if anything, appellant intended to do with the documents she possessed, we conclude that the juvenile court's order that appellant return documents and not disseminate information from the copies she received was within the court's inherent power to control the dissemination of the juvenile case files and keep the files confidential. (*Id.* at p. 450.)

### B. *Denial of Appellant's Section 827 Petition Was An Abuse of Discretion.*

We next consider whether the juvenile court abused its discretion in denying appellant's section 827 petition. The court reviewed in camera CPS files and denied appellant's petition in its entirety, concluding that appellant had not met her "burden" under rule 1423. Appellant argues on appeal that

the juvenile court erred in denying her petition because she sought to disseminate only information about her own medical condition and she has been denied the right to redress her grievances about an alleged privacy invasion. We agree that the juvenile court's order was too restrictive insofar as it prohibited appellant from disseminating to her attorney *any* information from the juvenile records about the alleged privacy invasion.

Appellant's petition requested access to a limited category of documents—namely, documents that refer to an employee of a federal agency disclosing to a county social worker information about appellant's health.[10] Indeed the parties below appeared to agree, and our review of the records reviewed in camera by the juvenile court confirms, that the primary documents encompassed by appellant's motion related only to limited case notes about a March 19, 2003 incident.[11] To be clear, appellant was not seeking access to the juvenile case file; again, as discussed *ante*, appellant had the right to inspect the file. (§ 827, subd. (a)(1)(D).) Indeed, respondent's counsel told the juvenile court that respondent previously had provided discovery from the CPS file regarding the incident at issue, and appellant's counsel acknowledged "[i]t's true that we do have the *information*." (Italics added.) What appellant sought was permission to *disseminate* that information to an attorney to pursue a possible civil action, something she acknowledged she was not permitted to do absent a court order.

 "[T]he prohibition against dissemination recognizes the exclusive authority of the juvenile court to determine who may have access to juvenile court records. . . . It is the juvenile court, not the recipient, that has the authority to decide to whom juvenile court records may be released." (*Keisha T.*, *supra*, 38 Cal.App.4th at p. 234.) Rule 1423(b) guides a juvenile court's decision on whether to permit access to juvenile court records. (38 Cal.App.4th at p. 235.) The rule provides, in relevant part, "In determining whether to authorize inspection or release of juvenile court records, in whole or in part, the court must balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public. The court must permit disclosure of, discovery of, or access to juvenile court records or proceedings only insofar as is necessary, and only if

---

[10] Appellant also requested "any sworn declaration or affidavit that has been filed by any of my attorneys in this case." Having failed to address on appeal her right to any such declaration or affidavit, appellant has waived this issue. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317] [issues not raised on appeal are waived].)

[11] While there are subsequent reports that reference these case notes, some of which may not lend themselves to easy redaction of private information about the minor, at the very least the information in the case notes regarding the March 19, 2003 incident itself could be so redacted. (See discussion *post*.)

there is a reasonable likelihood that the records in question will disclose information or evidence of substantial relevance to the pending litigation, investigation, or prosecution." (Rule 1423(b).) Rule 1423(c) states that a section 827 petition "shall describe in detail the reasons the records are being sought and their relevancy to the proceeding or purpose for which petitioner wishes to inspect or obtain the records."

Respondent claims that appellant has not demonstrated good cause to disseminate information from the juvenile court records because pursuing a civil claim "has not been legislatively or judicially determined as good cause in itself so as to pierce the veil of confidentiality." But rule 1423(b) specifically authorizes disclosure of information where there is "substantial relevance" to an either a pending "litigation, investigation, or prosecution." We likewise reject respondent's argument that confidentiality should be maintained because there are no "specific exceptions for civil plaintiffs" in the statute. Although *In re Anthony H.* did not reach the merits of appellant's section 827 petition, the court recognized the importance of disclosing juvenile records to prosecute a federal civil action against a county social service department if appellant were able to show on remand that her interest in the documents outweighed any interest in confidentiality. (*In re Anthony H.*, *supra*, 129 Cal.App.4th at pp. 498, 506.)

Having denied appellant's petition, the juvenile court effectively barred appellant from discussing the alleged privacy invasion.[12] Respondent now argues appellant's first amendment rights are not implicated because the juvenile court's order "does not prevent her from [filing a federal lawsuit], it merely proscribes the dissemination of confidential court documents." But respondent does not explain how appellant could pursue a claim without being able to discuss the incident that allegedly violated her privacy with her attorney in that matter. This case is akin to *In re Anthony H.*, *supra*, 129 Cal.App.4th at page 505. There, the court noted that without access to the documents "it would be extremely difficult to determine whether there had been any wrongdoing, and if so, to prove it." Here, absent the ability to disseminate any information about the incident to her counsel or to allege it in a complaint, it would be virtually impossible to determine if there had been any wrongdoing, and if so, to prove it.

---

[12] The minor's trial counsel interpreted the juvenile court's order as prohibiting appellant "from disseminating by any means the least bit of information contained in [the minor's] confidential juvenile file to anyone."

The CPS files reviewed by the juvenile court in camera[13] reveal that the incident at issue did not involve any information—confidential or otherwise—about Gina. Granting appellant the right to disseminate information about the incident thus would have little, if any, effect on Gina's interests. (Cf. rule 1423(b).) Respondent claims "[a]ppellant has produced no case finding when the pre-filing discovery rights of a civil plaintiff outweigh the privacy rights of a juvenile's court record" but does not explain how Gina's privacy rights are implicated in the first place. We agree with appellant that prohibiting appellant from discussing the incident at issue grants it "super-confidential" status. We conclude the juvenile court abused its discretion insofar as it limited appellant's ability to discuss the alleged violation of her privacy rights.

 Moreover, we find that it is possible to permit disclosure of a portion of the most relevant document without violating Gina's privacy interests. Respondent's counsel described the relevant information as being contained in "probably two or three sentences" in a case note written by a social worker. Our review reveals those "two or three sentences" contain information about the date of the incident, the people involved with the disclosure of medical information, and the specific information disclosed. The sentences do not contain information about Gina, and the document could easily be redacted to remove any confidential information that does implicate her privacy interests. The juvenile court certainly had the ability to disclose a "portion of the records" at issue and make "appropriate orders, specifying the information to be disclosed and the procedure for providing access to it" in order to protect Gina's privacy interests. (Rule 1423(e); *In re Anthony H.*, *supra*, 129 Cal.App.4th at p. 506 [juvenile court may limit disclosure to designated people and redact information that would conflict with minor's best interests]; *Keisha T.*, *supra*, 38 Cal.App.4th at p. 241 [juvenile court may make "appropriate orders specifying the information to be disclosed and the procedure for providing access"].) We therefore remand this case and direct the juvenile court to enter a new order consistent with this opinion and rule 1423(e).

---

[13] The documents at issue were not included in the record on appeal but were subsequently transferred under seal to this court for review. (*Pack, supra,* 89 Cal.App.4th at p. 838, fn. 14 [juvenile court preserves in camera record for later appellate review]; see also rule 18(d).)

## III.

### DISPOSITION

The juvenile court's February 1, 2005 order directing appellant to return copies of documents she received from the juvenile court's file and not to disseminate them is affirmed. The order denying appellant's section 827 petition is reversed and the case is remanded for proceedings consistent with this opinion.

Reardon, Acting P. J., and Rivera, J., concurred.